Michele R. Stafford, Esq. (SBN 172509)
Muriel B. Kaplan, Esq. (SBN 124607)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
mkaplan@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS LOCAL NO. 3 PENSION TRUST, et al._<br><br>Plaintiffs,<br><br>v.<br><br>ATLAS MARBLE & GRANITE, et al.,<br><br>Defendants. | Case No.: CV13-4702 CW<br><br>**JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs BRICKLAYERS LOCAL NO. 3 PENSION TRUST, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants ATLAS MARBLE & GRANITE, a California partnership, PETER GODINEZ, an individual and as General Partner of Defendant Atlas Marble & Granite; and DAVID HERNANDEZ, an individual and as Qualifying Partner of Defendant Atlas Marble & Granite ("Defendants"), and/or alter egos and/or successor entities, as follows:

1.  Defendants entered into a valid Collective Bargaining Agreement between Bricklayers Local Union #3 of California, IUBAC, AFL-CIO and the Marble Dealers of Northern California and Independent Marble Contractors (collectively referred to as the "Bargaining Agreement").  This agreement is still in full force and effect.

2.  Peter Godinez in his capacity as General Partner of Defendant Atlas Marble & Granite, and David Hernandez, as Qualifying Partner of Defendant Atlas Marble & Granite,

confirm that they are authorized to enter into this Stipulation on behalf of Defendant and further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Peter Godinez or David Hernandez is an officer, owner or possesses any ownership interest. Defendants and all such entities shall specifically consent to the Court's jurisdiction in writing at the time of any assignment, affiliation or purchase, as well as to all other terms herein.

3. Defendants have become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| Principal amount found due in audit | $154,785.60 | | |
| Liquidated Damages | $30,957.12 | | |
| Audit Fee | $641.25 | | |
| **Subtotal – Audit Balance** | **$186,383.97** | | |
| 10% Interest on Audit Balance (5/13/13 – 4/23/14) | | $16,200.90 | |
| Attorneys' Fees (through 4/22/14) | | $3,555.00 | |
| Costs (through 4/22/14) | | $956.18 | |
| **Subtotal –Interest, fees & costs** | | *$20,712.08* | |
| *TOTAL DUE as of 4/23/14* | | | **$207,096.05** |

4. Defendants shall *conditionally* pay the amount of **$176,138.93** representing all of the above amounts, less liquidated damages in the amount of **$30,957.12**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on **May 15, 2014**, and on or before the 15th day of each month thereafter for a period of sixty (60) months, through and including **April 15, 2019**, Defendants shall pay to Plaintiffs the amount of **$3,743.00** per month;

(b) Payments may be made by joint check, to be endorsed by Defendants prior to submission. Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(c) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from April 24, 2014, at the rate of 10% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust

Agreements;

    (d) Checks shall be made payable to the **Bricklayers Local 3 Trust Funds**, and delivered on or before each due date to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs;

    (e) At the time that Defendants make their Fifty-Ninth (59th) stipulated payment, Defendants may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their Fifty-Ninth (59th) payment. Defendants will be advised as to whether or not the waiver has been granted prior to the final payment hereunder. Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is otherwise current;

    (f) Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants, in writing by email to <u>atlasmarble2005@sbcglobal.net</u> and regular mail, as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendants shall pay all additional attorneys' fees and costs regardless of whether or not Defendants default herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the April 15, 2019 stipulated payment; and

    (g) Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 10 shall apply.

   5. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, Defendants shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendants by email to <u>atlasmarble2005@sbcglobal.net</u> and by regular mail, to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall*

1  *be made by cashier's check* at Plaintiffs' request.  In the event default is not cured, all amounts
2  remaining due hereunder shall be due and payable on demand by Plaintiffs.

3      6.    Beginning with contributions due for hours worked by Defendants' employees
4  during the month of **April 2014**, due on May 15, 2014 and delinquent if not received on that same
5  day, and for every month thereafter until this Judgment is satisfied, **Defendants shall remain**
6  **current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and
7  under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as
8  amended.  Defendants shall fax <u>or</u> email a copy of its contribution report for each month, together
9  with a copy of that payment check, to *Michele Stafford and Michelle Valentine at 415-882-9287*
10 or to mstafford@sjlawcorp.com and mvalentine@sjlawcorp.com or to any other attorney or
11 paralegal designated by Plaintiffs, prior to sending the payment to the Trust Funds' office.  Failure
12 to comply with these terms shall also constitute a default of the obligations under this Agreement
13 and the provisions of ¶ 10 shall apply.

14     7.    Defendants shall make full disclosure of all jobs on which it they working by
15 providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the
16 name and address of the job, the start and completion dates, the identity of General
17 Contractor/Owner/Developer, and by providing certified payroll if it is a public works job.
18 **Defendants shall submit said updated list on or before the last day of the month either by**
19 **email to mstafford@sjlawcorp.com and mvalentine@sjlawcorp.com or by facsimile to**
20 **Michele Stafford and Michelle Valentine at 415-882-9287**, or to any other attorney or paralegal
21 designated by Plaintiffs. This requirement remains in full force and effect regardless of whether or
22 not Defendants have ongoing work. In this event, Defendants shall submit a statement stating that
23 there are no current jobs. A blank job report form is attached hereto for Defendant's use, as
24 *Exhibit A*.  **To the extent that Defendants are working on a Public Works job, or any other**
25 **job for which Certified Payroll Reports are required, at Plaintiffs' request, copies of said**
26 **reports** *must be faxed or emailed to Michele R. Stafford and Michelle Valentine at 415-882-*
27 *9287 or* mstafford@sjlawcorp.com *and* mvalentine@sjlawcorp.com, **or to any other attorney or**
28 **paralegal designated by Plaintiffs, concurrently with their submission to the general**

-4-
JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON
Case No.:  C13-4702 CW

**contractor, owner, or other reporting agency.** Failure by Defendants to timely submit updated job lists shall constitute a default of the obligations under this agreement, which Defendants shall be permitted to cure within seven (7) days' written notice from Plaintiffs to Defendants.

      8.     **Audit:** Should the Trust Funds request an additional audit of Defendants' payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendants to comply with said request shall constitute a default of the obligations under this Agreement, which Defendants shall have ten (10) days to cure from receipt of written notice from Plaintiffs.

          (a)     In the event that amounts are found due on audit, Plaintiffs shall make a written demand to Defendant by email to atlasmarble2005@sbcglobal.net and by regular mail, for payment in full of the amounts found due in the audit, including a full copy of the audit report and any findings, including contributions, liquidated damages, interest and audit fees owed.

          (b)     Defendants will be provided with ten (10) days in which to review the audit, and provide evidence to contest the findings. In the event that Defendants do not agree with the total found due, Plaintiffs shall provide any additional information or clarification requested by Defendants in writing within ten (10) days of the request therefor, or as soon as reasonably possible, and Defendants' time to respond to the audit report or comply with payment requirements shall then run from the time that Defendants receive Plaintiffs' response. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

          (c)     If the audit is contested, and Defendants provide documentation in support of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

          (d)     If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of Defendants' receipt of the revised billing.

          (e)     If Defendants are unable to make payment in full, Defendants may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or

payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

        (f)    Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date due per the terms written above shall constitute a default of the obligations under this agreement.  All amounts found due on audit shall immediately become part of this Judgment.

        9.    Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 10 shall apply.  Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the contributions shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by further audit, or other means, and the provisions of this agreement are in addition thereto.  Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

        10.    In the event that Defendants fail to make any payment required under ¶ 4 above, or otherwise default on their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

        (a)    The entire balance of **$207,096.05**, as specified in ¶ 3 above, plus interest, but reduced by principal payments received from Defendants, in addition to any unpaid contributions then due plus 20% liquidated damages and 10% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

        (b)    A Writ of Execution may be obtained against Defendants without further

notice to Defendants in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants and the balance due and owing as of the date of default;

(c)     Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendants; and

(d)     Defendants shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendants to Plaintiffs under this Stipulation, whether or not a default occurs herein.

11.     Any failure on the part of Plaintiffs to take any action against Defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendants of any provisions herein.

12.     The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

13.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

14.     This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability

claims, if any, against Defendants and all of its control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and applicable laws and regulations.

15. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

16. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

17. Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

18. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: _____, 2014    **ATLAS MARBLE & GRANITE**

By: _____
Peter Godinez
General Partner of Defendant

Dated: _____, 2014    **ATLAS MARBLE & GRANITE**

By: _____
David Hernandez, Qualifying Partner of Defendant

Dated: _____, 2014    **PETER GODINEZ**

By: _____
Peter Godinez, Individually

Dated: _____, 2014    **DAVID HERNANDEZ**

By: _____
David Hernandez, Individually

///

Dated: _____, 2014            **SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____
     Michele R. Stafford
     Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____, 2014            _____
                                                              UNITED STATES DISTRICT COURT

-9-
**JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON**
**Case No.:  C13-4702 CW**

P:\CLIENTS\BRICL\Atlas Marble and Granite\Pleadings\Judgment Pursuant to Stipulation 043014.doc

| | |
|---|---|
| | ***EXHIBIT A*** |

***JOB REPORT FORM***

**\*\*\* Updated report must emailed to mstafford@sjlawcorp.com and mvalentine@sjlawcorp.com or faxed to Michele R. Stafford, Esq., and Michelle Valentine at (415) 882-9287 on the <u>last business</u> day of each month \*\*\***

**Employer Name: <u>ATLAS MARBLE & GRANITE</u>**

Report for the month of _____, 20__ Submitted by: _____

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

***\*\*\* Attach additional sheets as necessary \*\*\****

1 claims, if any, against Defendants and all of its control group members, as provided by Plaintiffs'
2 Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and
3 applicable laws and regulations.

4     15.    This Stipulation contains all of the terms agreed by the parties and no other
5 agreements have been made. Any changes to this Stipulation shall be effective only if made in
6 writing and signed by all parties hereto.

7     16.    This Stipulation may be executed in any number of counterparts and by facsimile,
8 each of which shall be deemed an original and all of which shall constitute the same instrument.

9     17.    Defendants represent and warrant that they have had the opportunity to be or have
10 been represented by counsel of their own choosing in connection with entering this Stipulation
11 under the terms and conditions set forth herein, that they have read this Stipulation with care and
12 are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

13     18.    The parties agree that the Court shall retain jurisdiction of this matter until this
14 Judgment is satisfied.

Dated: 5/1/14, 2014

**ATLAS MARBLE & GRANITE**

By: *Peter Godinez* (signature)
Peter Godinez
General Partner of Defendant

Dated: 5/1/14, 2014

**ATLAS MARBLE & GRANITE**

By: *David Hernandez* (signature)
David Hernandez, Qualifying Partner of Defendant

Dated: 5/1/14, 2014

**PETER GODINEZ**

By: *Peter Godinez* (signature)
Peter Godinez, Individually

Dated: 5/1/14, 2014

**DAVID HERNANDEZ**

By: *David Hernandez* (signature)
David Hernandez, Individually

///

1 | Dated: 5/11, 2014        SALTZMAN AND JOHNSON LAW
2 |                          CORPORATION
3 |                          By: _____
4 |                          Michele R. Stafford
                             Attorneys for Plaintiffs
5 |
6 | IT IS SO ORDERED.
7 | IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall
8 | retain jurisdiction over this matter.
9 |
10 | Dated:   May 6, 2014                    _____
11 |                                          UNITED STATES DISTRICT COURT

-9-
JUDGMENT PURSUANT TO STIPULATION;
ORDER THEREON
Case No.: C13-4702 CW